**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STARR SURPLUS LINES INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) Case No.: 24-cv-11181 |
| v. | ) ) |
| THE HABITAT COMPANY, LLC, LFW, INC. d/b/a THE HABITAT COMPANY, CHICAGO HOUSING AUTHORITY, SHANNA JORDAN, Individually and as Mother and Next Friend of JAH'MIR COLLINS, a minor, and MORGAN COLLINS, Individually and as Mother and Next Friend of AMIAH MCGEE COLLINS, a minor, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Starr Surplus Lines Insurance Company ("Starr"), for its Complaint for Declaratory Judgment, states as follows:

**NATURE OF THE ACTION**

1. This is an insurance coverage dispute. Starr issued claims made and reported liability insurance policies to The Habitat Company, LLC ("Habitat") for the **Policy Periods** of November 15, 2021 to November 15, 2022 (the "2021-2022 Policy") and November 15, 2023 to November 15, 2024 (the "2023-2024 Policy" and, collectively, the "Starr Policies").

2. The Starr Policies only provide coverage if: (1) the **Claim**[1] is first made during the **Policy Period**; and (2) Habitat reports the **Claim** to Starr's claims department as soon as practicable after any **Insured Person** becomes aware of the **Claim**, but in no event later than sixty (60) days after expiration of the **Policy Period**. Relevant here, the Starr Policies define a

---
[1] Terms in bold are defined in the Starr policies.

**Claim** as including any "civil judicial … proceeding for monetary relief commenced against an **Insured**, including any appeal therefrom, which is commenced by … service of a complaint or similar pleading."

3. On January 4, 2022, a civil proceeding was commenced against Habitat and LFW, Inc. d/b/a The Habitat Company ("LFW"). Shanna Jordan and Morgan Collins filed and served a lawsuit against Habitat, LFW, the Chicago Housing Authority ("CHA"), and East Lake Management Group, Inc. ("East Lake") in the Circuit Court of Cook County, Illinois under Case No. 2022L000095 (the "Civil Proceeding"). The Civil Proceeding alleges that the plaintiffs' minor children suffered personal injuries while residing in an apartment located in Chicago, Illinois due to exposure to lead-based paint and/or substances containing lead. On May 28, 2024, CHA filed a Crossclaim for Contribution against Habitat, LFW, and East Lake (the "Crossclaim") in the Civil Proceeding.

4. On June 18, 2024, Habitat first reported the Civil Proceeding to Starr's claims department for coverage. The Civil Proceeding is a **Claim** first made against Habitat and LFW during the **Policy Period** of the 2021-2022 Policy. However, the **Claim** was not reported to Starr's claims department within sixty (60) days after expiration of the **Policy Period**. As such, there is no coverage for the **Claim** under the 2021-2022 Policy.

5. The **Claim** was first reported to Starr's claims department during the **Policy Period** of the 2023-2024 Policy. However, the **Claim** was not first made during the **Policy Period** of the 2023-2024 Policy (it was first made during the **Policy Period** of the 2021-2022 Policy). As such, there is no coverage for the **Claim** under the 2023-2024 Policy.

6. Accordingly, Starr owes no coverage under the Starr Policies for the **Claim**.

2

7. Other terms and conditions of the Starr Policies further limit or bar coverage for the **Claim**.

## PARTIES

8. Starr is a corporation organized under the laws of Texas with its principal place of business located in New York, New York.

9. The Habitat Company, LLC is an Illinois limited liability company with its principal place of business located in Cook County, Illinois. Habitat has four members: Daniel E. Levin, Matthew G. Fiascone, Stephen F. Galler, and Sheila Byrne. Mr. Levin is the majority owner of Habitat and is domiciled in Winnetka, Illinois and is a citizen of Illinois. Mr. Fiascone is domiciled in Hinsdale, Illinois and is a citizen of Illinois. Mr. Galler is domiciled in Chicago, Illinois and is a citizen of Illinois. Finally, Ms. Byrne is domiciled in Chicago, Illinois and is a citizen of Illinois.

10. LFW, Inc. d/b/a The Habitat Company is a corporation organized under the laws of Illinois with its principal place of business located in Chicago, Illinois.

11. Chicago Housing Authority ("CHA") is a municipal corporation organized under the laws of Illinois and located in Cook County, Illinois. CHA is named as a Defendant only to the extent it is required to be named as a necessary or indispensable party.

12. Shanna Jordan is domiciled in Illinois and is therefore a citizen of Illinois. Ms. Jordan resides in Cook County, Illinois. Ms. Jordan is named as a Defendant only to the extent she is required to be named as a necessary or indispensable party.

13. Morgan Collins is domiciled in Illinois and is therefore a citizen of Illinois. Ms. Collins resides in Cook County, Illinois. Ms. Collins is named as a Defendant only to the extent she is required to be named as a necessary or indispensable party.

**JURISDICTION AND VENUE**

14. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a), 2201, and 2202, as complete diversity exists between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and Starr seeks declaratory relief with respect to a case of actual controversy within this Court's jurisdiction.

15. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b)(1) and (2), in that Defendants are residents within this District, and a substantial part of the events or omissions giving rise to this action occurred within this District.

**THE STARR POLICIES**

16. Starr issued Specialty Professional Liability Policy to The Habitat Company, LLC for the **Policy Periods** of November 15, 2021 to November 15, 2022 (i.e., the 2021-2022 Policy) and November 15, 2023 to November 15, 2024 (i.e., the 2023-2024 Policy). True and correct copies of the 2021-2022 Policy and the 2023-2024 Policy are attached hereto as **Exhibit A** and **Exhibit B**, respectively.

17. The Insuring Agreements of the Starr Policies are set forth in Section 1. of the Starr Policies, as follows:

> The **Insurer** shall pay on behalf of the **Insured** all **Loss** arising from a **Claim**, first made during the **Policy Period** (or Discovery Period, if appliable) against such **Insured** for a **Wrongful** Act by the **Insured** or any entity for whom the **Insured** is legally liable, and duly reported to the **Insurer** in accordance with Section 8 of this policy.

(Exs. A and B, SS PL SPL 25000 (11/09) at p. 1).

18. The Starr Policies define **Claim** in Section 2.(b) of the Starr Policies as follows:

> (b) **"Claim"** means any:
>
> (1) written demand for monetary or non-monetary relief or services made against an **Insured**;

4

   (2) civil, judicial, administrative, arbitral or regulatory proceeding for monetary relief commenced against an **Insured**, including any appeal therefrom, which is commenced by:

     (i) service of a complaint or similar pleading;
     (ii) demand for or notice of arbitration; or
     (iii) receipt or filing of a notice of charges;

   (3) written request to toll or waive the applicable statute of limitations relating to a potential **Claim** against an **Insured** for a **Wrongful Act**;

(Exs. A and B, SS PL SPL 25000 (11/09) at p. 1).

  19. The Starr Policies define **Wrongful Act(s)** in Section 2.(s) of the Starr Policies to mean "any actual or alleged act, error or omission committed by the **Insured** in the course of rendering any or all of the **Professional Services** for others." (Exs. A and B, SS PL SPL 25000 (11/09) at p. 3).

  20. The Starr Policies define **Professional Services** in Section 2.(q) to mean "those services performed by or on behalf of the **Company** and described in Item 9 of the Declarations." (Exs. A and B, SS PL SPL 25000 (11/09) at p. 3). Item 9 of the Policies' Declarations describes **Professional Services** as "[s]olely in the performance of Property Management & Property Consulting (including acting as a trustee, receiver, assignee, debtor in possession or and tenant coordination assignment), Construction Management, Owner's Representation, Real Estate Broker Services, Real estate asset management for others for a fee." (Exs. A and B, SS PL SPL 25002 (11/09) at p. 2).

  21. The Starr Policies' Reporting of Circumstances and Claims provision, set forth in Section 8. of the Starr Policies, states, in relevant part, as follows:

> The **Named Insured(s)** shall, as a condition precedent to the obligations of the **Insurer** under this policy, give written notice of a **Claim** made against an **Insured** to the **Insurer** at the address set forth in Item 10 A of the Declarations. If mailed, the date of mailing shall constitute the date

> that such notice was given and proof of mailing shall be sufficient proof of notice.
>
> Such notice shall be given as soon as practicable after any **Insured Person** becomes aware of the **Claim**, but in no event later than sixty (60) days after the expiration of the **Policy Period** (or Discovery Period, if applicable).

(Exs. A and B, SS PL SPL 25000 (11/09) at p. 9).

22. Item 10 A of the Policies' Declarations provides:

> **A.** **Claim-Related Notices:**
>
> STARR ADJUSTMENT SERVIES, INC.
> 399 PARK AVENUE, 9TH FLOOR
> NEW YORK, NY 10022
>
> e-mail: StarrFLPLClaims@starrcompanies.com

(Exs. A and B, SS PL SPL 25002 (11/09) at p. 2).

## THE CIVIL PROCEEDING

23. On January 4, 2022, Ms. Jordan and Ms. Collins commenced the Civil Proceeding against Habitat, LFW, CHA, and East Lake by filing their Original Complaint in the Circuit Court of Cook County and serving the Original Complaint on the defendants. A true and correct copy of the Original Complaint is attached as **Exhibit C**.

24. The Original Complaint alleges that Ms. Jordan and Ms. Collins resided at an apartment located at 7715 North Marshfield, Chicago Illinois (the "Premises") and that their minor children were medically assessed and determined to have suffered lead poisoning allegedly caused by lead exposure within the Premises, including from lead-based paid and lead-based paint hazards. The Original Complaint seeks monetary relief against Habitat and LFW.

25. Habitat and LFW were served with the Original Complaint in the Civil Proceeding during the **Policy Period** of the 2021-2022 Policy (i.e., between November 15, 2021 and November 15, 2022).

6

26. On April 11, 2022, Habitat and LFW appeared in the Civil Proceeding through counsel.

27. On April 11, 2022, Habitat and LFW filed a motion to dismiss the Original Complaint filed in the Civil Proceeding.

28. Counsel for Habitat and LFW reported to Habitat Vice President and Assistant General Counsel Lori F. Chacos, an **Insured Person** under the Starr Policies, during counsel's representation of Habitat and LFW in the Civil Proceeding.

29. On March 21, 2024, Ms. Jordan and Ms. Collins filed a Fourth Amended Complaint in the Civil Proceeding. A true and correct copy of the Fourth Amended Complaint is attached as **Exhibit D**.

30. The Fourth Amended Complaint alleges that Ms. Jordan and Ms. Collins resided at the Premises with their minor children. Plaintiffs allege that CHA is responsible for the operation, maintenance, and management of the Premises, and that CHA retained East Lake as the property manager of the Premises from September 1, 2019 to August 31, 2022 and retained Habitat and LFW as the property manager for the Premises from August 30, 2016 to September 1, 2019.

31. The Fourth Amended Complaint alleges that the minor children of Ms. Jordan and Ms. Collins were medically assessed and determined to have suffered lead poisoning allegedly caused by lead exposure within the Premises, including from lead-based paid and lead-based paint hazards. The Fourth Amended Complaint alleges that the defendants knew, had reason to know, or were reckless or negligent in not knowing, that lead painted surfaces existed throughout the Premises and that Ms. Jordan and Ms. Collins relied on representations by the defendants that

7

they had no knowledge of lead-based paint or lead-based paint hazards on the Premises. The Fourth Amended Complaint seeks monetary relief against Habitat and LFW.

32. On May 28, 2024, CHA filed a Crossclaim for Contribution against Habitat, LFW, and East Lake in the Civil Proceeding. A true and correct copy of the Crossclaim is attached hereto as **Exhibit E**. The Crossclaim alleges that, if CHA is found liable to Ms. Jordan and/or Ms. Collins for any alleged damages in the Fourth Amended Complaint, it will be due in whole or substantial part to the negligent acts and/or omissions of Habitat, LFW, and/or East Lake. The Crossclaim seeks contribution and recovery from Habitat, LFW, and East Lake for a pro rata share of fault in connection with the relief sought in the Fourth Amended Complaint.

33. On June 14, 2024, CHA wrote to Habitat and LFW demanding that Habitat and LFW defend and indemnify CHA in connection with the Civil Proceeding pursuant to Article 8 of the Private Property Management Contract between Habitat and CHA (the "Indemnity Demand").

34. On June 18, 2024, Habitat first notified Starr of the Civil Proceeding.

## INSURANCE COVERAGE DISPUTE

35. Habitat and LFW seek insurance coverage from Starr under the 2021-2022 Policy and/or the 2023-2024 Policy in connection with the Civil Proceeding.

36. Starr denies there is coverage for the Civil Proceeding under the 2021-2022 Policy or the 2023-2024 Policy.

37. An actual, present and bona fide controversy exists between Starr, Habitat, and LFW with respect to whether there is insurance coverage for the Civil Proceeding under the 2021-2022 Policy or the 2023-2024 Policy.

38. A judicial declaration is necessary to establish the parties' right and duties, if any, under the 2021-2022 Policy or the 2023-2024 Policy.

## COUNT I – DECLARATORY JUDGMENT
### Untimely Notice of Claim Under the 2021-2022 Policy

39. Starr incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 38 as if fully set forth herein.

40. The Starr Policies provide that a **Claim** includes, in relevant part, any "civil judicial … proceeding for monetary relief commenced against an **Insured**, including any appeal therefrom, which is commenced by … service of a complaint or similar pleading."

41. On January 4, 2022, Ms. Jordan and Ms. Collins commenced the Civil Proceeding by filing the Original Complaint against Habitat, LFW, CHA, and East Lake and serving it on Habitat and LFW.

42. The Civil Proceeding—including but not limited to the Original Complaint, Fourth Amended Complaint, Crossclaim, and Indemnity Demand—is a **Claim** first made when the Original Complaint was served on Habitat and LFW during the **Policy Period** of the 2021-2022 Policy (i.e., November 15, 2021 to November 15, 2022).

43. The 2021-2022 Policy requires the **Insureds** to report a **Claim** such as the Civil Proceeding as soon as practicable after any **Insured Person** becomes aware of the **Claim** but in no event later than sixty (60) days after the expiration of the **Policy Period** (i.e. by January 14, 2023).

44. Habitat and LFW first reported the Civil Proceeding to Starr on June 18, 2024.

45. Habitat and LFW did not seek coverage from Starr for the Civil Proceeding prior to June 18, 2024.

46. Habitat and LFW did not provide notice of the Civil Proceeding to the addresses specified in Item 10 A of the 2021-2022 Policy's Declarations prior to June 18, 2024.

9

47. Accordingly, there is no coverage for the Civil Proceeding—including but not limited to the Original Complaint, Fourth Amended Complaint, Crossclaim, and Indemnity Demand—under the 2021-2022 Policy because Habitat and LFW did not report the Civil Proceeding to Starr's claims department by January 14, 2023 (i.e., within sixty (60) days after the expiration of the **Policy Period** of the 2021-2022 Policy).

## COUNT II – DECLARATORY JUDGMENT
### No Claim First Made During the 2023-2024 Policy

48. Starr incorporates by reference each and every allegation set forth in the preceding paragraph 1 through 47 as if fully set forth herein.

49. The Starr Policies provide that a **Claim** includes, in relevant part, any "civil judicial … proceeding for monetary relief commenced against an **Insured**, including any appeal therefrom, which is commenced by … service of a complaint or similar pleading."

50. On January 4, 2022, Ms. Jordan and Ms. Collins commenced the Civil Proceeding by filing the Original Complaint against Habitat, LFW, CHA, and East Lake and serving it on Habitat and LFW.

51. Therefore, the Civil Proceeding—including but not limited to the Original Complaint, Fourth Amended Complaint, Crossclaim, and Indemnity Demand—is a **Claim** first made during the **Policy Period** of the 2021-2022 Policy because Habitat and LFW were served with the Original Complaint in the Civil Proceeding during the **Policy Period** of the 2021-2022 Policy (i.e., November 15, 2021 to November 15, 2022).

52. There is no coverage for the Civil Proceeding under the 2023-2024 Policy because the Civil Proceeding is not a **Claim** first made during the **Policy Period** of the 2023-2024 Policy (i.e., November 15, 2023 to November 15, 2024).

## COUNT III – DECLARATORY JUDGMENT
**Contract Exclusion**

53. Starr incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 52 as if fully set forth herein.

54. Section 4.(c) of the Starr Policies provides that the Starr Policies shall not cover any **Loss** in connection with any **Claim**:

> (c) for any **Insured's** actual or alleged liability under any contract or agreement, except to the extent such liability would have attached to the **Insured** even in the absence of such contract or agreement;

(Exs. A and B., SS PL SPL 25000 (11/09) at p. 5).

55. The Indemnity Demand alleges that Habitat and LFW are required to defend and indemnify CHA in connection with the Civil Proceeding pursuant to Article 8 of the Private Property Management Contract between Habitat and CHA.

56. Accordingly, no coverage is available for the Indemnity Demand under Section 4.(c) of the Starr Policies.

## COUNT IV – DECLARATORY JUDGMENT
**Bodily Injury Exclusion**

57. Starr incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 56 as if fully set forth herein.

58. Section 4.(h) of the Starr Policies provides that the Starr Policies shall not cover any **Loss** in connection with any **Claim**:

> (h) for bodily injury (except emotional distress or mental anguish when associated with a **Wrongful Act**), sickness, disease or death of any person, **Personal Injury**, or damage to or destruction of any tangible property, including the **Loss** of use thereof;

(Exs. A and B, SS PL SPL 25000 (11/09) at p. 6).

11

59. To the extent the Civil Proceeding—including but not limited to the Original Complaint, Fourth Amended Complaint, Crossclaim, and Indemnity Demand—seeks **Loss** in connection with any **Claim** for bodily injury, sickness, disease, or death of any person, no coverage is available under the Starr Policies.

## COUNT V – DECLARATORY JUDGMENT
### Pollution Exclusion

60. Starr incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 59 as if fully set forth herein.

61. Section 4.(k) of the Starr Policies, as amended by endorsement to the Starr Policies, provides that the Starr Policies shall not cover any **Loss** in connection with any **Claim**:

> (k) alleging, arising from, based upon or attributable to **Pollution** in connection with any real property or facility which is or was at any time owned, operated, rented or occupied by the **Insured** or by any entity that wholly or partly owns, operates, manages or otherwise controls the **Insured**, or any entity that is wholly or partly owned, operated, managed or otherwise controlled by the **Insured**; provided, however, this exclusion shall not apply to **Defense Costs** for the failure to advise of the presence of **Pollutants** in which the **Insured** had prior knowledge in the performance of their professional services as a real estate agent. The **Insurer** shall defend any such **Claim** as described above against the **Insured**; provided, however, **Defense Costs** for such will be subject to a sublimit of liability of $150,000, which sublimit of liability shall be part of, and not in addition to, the applicable Limit of Liability set forth in ITEM 3. of the DECLARATIONS and in no way shall be constructed to increase the Insurer's Limit of Liability as stated therein.
>
> The **Insurer** shall not be obligated to provide a defense for under this provision once the sublimit of liability for such **Defense Costs** of $150,000 has been exhausted.
>
> This provision will not cover any other part of **Loss**, other than **Defense Costs** as set forth above. As such, the **Insurer** shall not have any obligation to pay for any judgment, award, settlement or other relief arising from this grant of coverage.

(Exs. A and B, SS PL SPL 25000 (11/09) at p. 6; SS PL SPL 25041 (5/11) at p. 2).

62. Section 2.(p) of the Starr Policies defines **Pollution** to mean "the actual, alleged or threatened discharge, dispersal, release, escape, seepage, transportation, emission, treatment, removal or disposal of **Pollutants** into or on real or personal property, water or the atmosphere. **Pollution** also means any **Cleanup Costs**." (Exs. A and B, SS PL SPL 25000 (11/09) at p. 3).

63. Section 2.(o) of the Starr Policies defines **Pollutants** as follows:

> (o) **"Pollutants"** means any substance located anywhere in the world exhibiting any hazardous characteristics as defined by, or identified on, any list of hazardous substances issued by the United States Environmental Protection Agency or any foreign, state, county, municipality, or locality counterpart thereof. Such substances shall include, without limitation, nuclear material or waste, any solid, liquid gaseous or thermal irritant or contaminant, or smoke, vapor, soot, fumes, acids, alkalis, chemicals or waste materials. **Pollutants** shall also mean any other air emission, odor, wastewater, oil or products containing oil, lead or products containing lead, infectious or medical waste, and any noise.

(Exs. A and B, SS PL SPL 25000 (11/09) at p. 3).

64. To the extent the Civil Proceeding alleges, arises from, is based upon or attributable to the actual, alleged or threatened discharge, dispersal, release, escape, seepage, transportation, emission, treatment, removal or disposal of **Pollutants**—including lead or products containing lead—into or on real or personal property, water or the atmosphere, and to the extent the **Defense Costs** carve-back to Section 4.(k) does not apply, no coverage is available under the Starr Policies.

## COUNT VI – DECLARATORY JUDGMENT
### Prior Knowledge Exclusion

65. Starr incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 64 as if fully set forth herein.

13

66. Section 4. of the 2023-2024 Policy, as amended by Endorsement No. 6, provides that the 2023-2024 Policy shall not cover any **Loss** in connection with any **Claim** alleging, arising from, based upon or attributable to:

> any **Wrongful Act** or circumstance which a director, officer, partner or principal of the **Company** had actual or constructive knowledge prior to the effective date of this policy (any continuation, change or resumption of such **Wrongful Act** or circumstances during or after this **Policy Period** will be deemed to have been known prior to this **Policy Period**);

(Exs. A and B, SS PL SPL 25033 (08/13) at p. 4).

67. The effective date of the 2023-2024 Policy is November 15, 2023.

68. Prior to the effective date of the 2023-2024 Policy, directors, officers, partners, and/or principals of Habitat had actual and/or constructive knowledge of the Civil Proceeding, including but not limited to the **Wrongful Acts** alleged therein.

69. Accordingly, no coverage is available under the 2023-2024 Policy for the Civil Proceeding—including, but not limited to, the Original Complaint, Fourth Amended Complaint, Crossclaim, and Indemnity Demand.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Starr Surplus Lines Insurance Company requests that this Court enter a judgment in its favor and against Defendants, awarding the following relief:

(A) a declaration that Starr is not required to defend or indemnify Habitat or LFW in connection with the Civil Proceeding, including but not limited to the Original Complaint, Fourth Amended Complaint, Crossclaim, and Indemnity Demand; and

(B) awarding Starr costs and any other relief as this Court deems just and proper.

## RESERVATION OF RIGHTS

The Starr Policies contain terms, conditions, and exclusions that may be relevant to the Civil Proceeding but that are not currently implicated by this declaratory judgment action.

14

Nothing in this Complaint should be construed as a waiver by Starr of any coverage defenses at law, in equity, or under the Starr Policies. Starr continues to reserve all rights with respect to any claim for coverage made under the Starr Policies where appropriate, and waives none.

                                                    Respectfully submitted,

DATED:     October 30, 2024         Starr Surplus Lines Insurance Company

                                                    By: */s/ Jonathan R. Walton*

                                                    David F. Cutter
                                                    Jonathan R. Walton
                                                    Paul E. Sowa
                                                    BATESCAREY LLP
                                                    191 North Wacker Drive, Suite 2400
                                                    Chicago, Illinois 60606
                                                    (312) 762-3100
                                                    Email: dcutter@batescarey.com
                                                    Email: jwalton@batescarey.com
                                                    Email: psowa@batescarey.com